[Cite as *State v. Chapman*, 2013-Ohio-2732.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :        JUDGES:
                                       :
                                       :        Hon. William B. Hoffman, P.J.
    Plaintiff-Appellee                 :        Hon. Patricia A. Delaney, J.
                                       :        Hon. Craig R. Baldwin, J.
-vs-                                   :
                                       :        Case No. 12CA118
                                       :
DUANE CHAPMAN                          :
                                       :
                                       :
    Defendant-Appellant                :        O P I N I O N



CHARACTER OF PROCEEDING:               Appeal from the Richland County Court
                                       of Common Pleas, Case No. 12 CR 470



JUDGMENT:                              AFFIRMED



DATE OF JUDGMENT ENTRY:                June 21, 2013



APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

JAMES J. MAYER                         JOHN C. O'DONNELL III
RICHLAND COUNTY PROSECUTOR             10 West Newlon Place
JOHN C. NIEFT                          Mansfield, OH 44902
38 South Park St.
Mansfield, OH 44902

*Delaney, J.*

{¶1}   Appellant Duane Chapman appeals from the November 7, 2012 judgment entry of conviction and sentence before the Richland County Court of Common Pleas. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   Appellant has three prior convictions for domestic violence, all of which occurred in the state of Michigan.[1]

{¶3}   Appellant and Rhonda Beeman met in Michigan and started a relationship.  The pair was homeless and needed a place to live, and so they moved to Ohio to live with Abe Licoris and work as packers for Licoris' online business.  The three roommates also worked temporary jobs they found online, such as stocking and remodeling at Lowe's on the midnight shift.

{¶4}   Beeman's eight-year-old daughter also lives with the trio; the daughter is described as mildly autistic.

{¶5}   On July 11, 2012, appellant and Beeman returned to their residence at 152 Crouse Street, Mansfield, Richland County, Ohio after working the midnight shift at Lowe's.  Beeman went to bed but appellant started drinking beer.  Around 10:00 a.m., Beeman woke up and told appellant that if he got drunk and missed work, she would not cover for him.  Appellant became enraged and started throwing boxes around. Beeman's daughter witnessed appellant's behavior and was afraid, so Beeman took her upstairs.  Appellant followed them.

---

[1] His prior convictions were entered without objection in the trial herein.

{¶6} Appellant and Beeman continued to argue. Appellant eventually left the house with a bag of tobacco. Beeman followed him out of the house, yelling at him about taking the tobacco because it belonged to her as well. Beeman confronted appellant in the front yard.

{¶7} Beeman stated that appellant tried to trip her with a "leg sweep," knowing she has an injured knee; she stumbled but did not fall.

{¶8} Beeman went back inside the house and locked the door. Appellant screamed and yelled and kicked the door, eventually opening it when he realized he had the key in his pocket. Beeman testified appellant continued to scream, kick, and throw boxes around inside the house. Beeman's daughter was still present during this incident.

{¶9} Beeman testified appellant pushed her down onto the couch and held her down with one hand on her neck and one hand on her chest. She stated appellant applied pressure and she felt her neck "pop," which caused pain.

{¶10} Appellant picked up a box cutter from the floor and threw it, breaking it. He picked up the razor from the box cutter and slit his wrist. Beeman's daughter was near appellant when he slit his wrist. He then went outside and sat on the porch railing. Beeman slammed the door and locked it, and called 911.

{¶11} Officers who reported to the scene testified at trial that Beeman seemed frightened and distraught. Her main concern was appellant's suicide attempt but she told officers appellant tried to trip her and pushed her. Officers found appellant bleeding profusely; he was taken to the hospital by EMS and admitted for emergency psychiatric care.

{¶12} Appellant testified on his own behalf at trial and admitted that he consumed eight beers the morning of the incident, which is "normal" for him. He denied pushing Beeman or holding her down but admitted they argued over the bag of tobacco and he sprinkled some on the ground before throwing it "to" her. Appellant testified he cut his wrist that day because he was off his psychiatric medications and was depressed because his relationship with Beeman was failing. He was aware Beeman's daughter witnessed the argument but wasn't sure whether she saw him slice his wrist.

{¶13} Appellant was charged by indictment with one count of domestic violence pursuant to R.C. 2919.25(A), a felony of the third degree based upon appellant's three prior domestic violence convictions. Appellant entered a plea of not guilty and waived his right to trial by jury. On November 6, 2012, the matter proceeded to bench trial and appellant was found guilty as charged.[2] The trial court sentenced appellant to a prison term of 18 months.

{¶14} Appellant now appeals from the judgment entry of his conviction and sentence.

## ASSIGNMENT OF ERROR

{¶15} Appellant raises one assignment of error:

{¶16} "I. THE TRIAL COURTS (*sic*) FINDING OF GUILTY IS AGAINST THE SUFFICIENCY OF THE EVIDENCE."

---

[2] Appellant moved for an evaluation of his competency to stand trial and was apparently found competent. T. 6.

**ANALYSIS**

I.

{¶17} In his sole assignment of error, appellant argues his domestic violence conviction is not supported by sufficient evidence. We disagree.

{¶18} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. The elements of an offense may be established by direct evidence, circumstantial evidence, or both. *State v. Durr*, 58 Ohio St.3d 86, 92, 568 N.E.2d 674 (1991). Circumstantial evidence is defined as "[t]estimony not based on actual personal knowledge or observation of the facts in controversy, but of other facts from which deductions are drawn, showing indirectly the facts sought proved." *State v. Nicely*, 39 Ohio St.3d 147, 150, 529 N .E.2d 1236 (1988), quoting Black's Law Dictionary (5th Ed.1979) 221. Circumstantial and direct evidence are of equal evidentiary value. *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991).

{¶19} The weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002–Ohio–2126. Appellant waived his right to trial by jury and the case proceeded to bench trial. In a bench trial, the court is presumed to know the law and properly apply it. *State v. Sarver*, 7th Dist. No. 05–CO–53, 2007–Ohio–601, ¶ 23.

{¶20} Appellant was found guilty of one count of domestic violence pursuant to R.C. 2919.25(A), which states, "No person shall knowingly cause or attempt to cause

physical harm to a family or household member." "Physical harm to persons" means any injury, illness, or other physiological impairment, regardless of its gravity or duration. R.C. 2901.01(A)(3).

{¶21} Appellant argues insufficient evidence exists that he attempted to cause physical harm to Beeman, but we disagree. While the physical harm to the victim in this case may not have been of great degree, the law requires only some physiological impairment, regardless of gravity or duration. R.C. 2901.01(A)(3). The trial court could reasonably have believed Beeman's testimony that appellant attempted to push her down with a "leg sweep," pushed her down onto the couch and held her down to the extent that her neck "popped." While Beeman did not sustain any visible physical injury, her testimony was corroborated by the testimony of the police officers who responded to the 911 call. Beeman's testimony about the argument and appellant's mental state is corroborated by appellant's own testimony about his consumption of eight beers and his distraught state of mind.

{¶22} Appellee presented sufficient evidence of each element of the charged offense. We find appellant's conviction upon one count of domestic violence is supported by sufficient evidence.

**CONCLUSION**

{¶23} Appellant's sole assignment of error is overruled and the judgment of the

Richland County Court of Common Pleas is affirmed.

By: Delaney, J. and

Hoffman, P.J.

Baldwin, J., concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. CRAIG R. BALDWIN


PAD:kgb